## J. H. COX & CO. v. FISHER et al.

No. 8027—Opinion Filed Nov. 14, 1916.

(161 Pac. 171.)

1. **Guardian and Ward—Powers of Guardian —Support and Maintenance of Ward.**

A father, who has been appointed guardian for his minor children, is entitled to their custody, services, and earnings, and is charged with the duty of supporting and educating them in a manner suitable to their circumstances; and, when he cannot reasonably afford to support and educate them, and they possess property, the income of which will do so, he may, under the direction of the county court, apply such income to the support and education of such minors; and where such income is insufficient for their support and education, the proceeds of the sale of their real estate may be used for such purpose, under the direction and specific authorization of the county court.

2. **Same.**

Where the father, as such guardian, purchased merchandise for the support of his minor children, upon the promise to pay for same out of the proceeds of the sale of the minors' lands, ordered sold by the county court for their education and support, held, that no lien or charge was thereby created against such funds, and payment for the merchandise could not be enforced against the same, without specific authorization therefor by the county court.

(Syllabus by Galbraith, C.)

Error from District Court, Adair County; John H. Pitchford, Judge.

Action by J. H. Cox & Co. against O. E. Fisher and others. From a judgment sustaining a demurrer on behalf of all defendants except Ed Le Master and against defendant Le Master for the amount sued for, plaintiff appeals. Affirmed.

R. Y. Nance, for plaintiff in error.

Seymour Riddle, A. D. Bennett, and Joe M. Lynch, for defendants in error.

Opinion by GALBRAITH, C. The plaintiff in error commenced this action in the justice court against the defendants in error being the guardian, the father, and three minors, on two accounts for merchandise charged to have been sold and delivered to the father while he was the legal guardian of the minors, and for their support. The father admitted liability; the guardian, for himself and his wards, denied liability. The justice rendered a joint and several judgment against all of the defendants for the amount claimed. An appeal was prosecuted to the district court, where a general demurrer was interposed by the guardian on behalf of himself and his wards. This demurrer was sustained, and the action dismissed as to the guardian and the wards, and judgment was rendered against the father, Ed Le Master, for the amount claimed.

It is argued on behalf of the plaintiff in error that the father was the legal guardian of the minors at the time the merchandise was purchased, and that he represented to the vendor that the merchandise was necessary for the support of the minors, and that he would pay for it out of the proceeds of the sale of some of the minors' lands that had then been authorized to be sold by order of the county court for the purpose of the education and support of such minors; that the lands were sold and the proceeds collected by the father as guardian; that the accounts had been presented to him, and he had refused to pay; that the father had been removed as guardian, and Fisher had been appointed and qualified as his successor, and the proceeds of the sale of the lands turned over to Fisher; that the accounts had been presented to Fisher, and he had refused to either pay or allow the same. This was the substance of the allegations of the petition attempting to state a cause of action against the guardian and the minors. These facts were not sufficient to state a liability against them, or either of them. The father, under the law, had the right to the custody and services of the minors, and it was his duty to support them out of his own estate. Where the father was unable to do this, he might apply to the county court for an order to ap-

ply the income of the minors' estate to his support, or the court, where the necessity arises, might order the land of the minor sold for his education and support, but in no case could the father create a lien against the estate of the minor, or fix a charge against the proceeds of the sale thereof in the absence of specific authorization therefor by the county court. Section 4368, Rev. Laws 1910, provides:

"The father of a legitimate unmarried minor child is entitled to its custody, services and earnings; and he cannot transfer such custody or services to any other person, except the mother, without her written consent, unless she has deserted him, or is living separate from him by agreement. * * *"

Section 4367, Rev. Laws 1910, provides:

"The parent entitled to the custody of child must give him support and education suitable to his circumstances. * * *"

Section 4376, Rev. Laws 1910, provides:

"If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessities and recover the reasonable value thereof from the parent."

In Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317, this court, referring to the above sections of the statute, said:

"The father was entitled to the custody, services, and earnings of plaintiffs during their minority (section 4368, Rev. Laws 1910), and was charged by law with the duty to support and educate them in a manner suitable to their circumstances · (section 4367); and, if he could not reasonably afford to maintain and educate them, in keeping therewith, he might, under the direction of the county court, defray the expense of such maintenance and education from the income of their individual ·property (section 6535), but the authority given by this section does not authorize the payment thereof from the corpus of the estate, in other words, from the capital. Being entitled to the services and earnings of the plaintiffs, and the duty to educate and maintain them being imposed upon him by law, and not having made any claim for such allowance in his lifetime, the sureties in this action cannot make such claim for him. To have entitled him to credit, the expenditures must have been made under the direction of the county court, and no claim is made that such authority was obtained."

The judgment of the trial court was right, and is therefore affirmed, with costs.

By the Court: It is so ordered.