### CANNON et al. v. ROBINSON.

No. 14311—Opinion Filed Sept. 18, 1923.

(Syllabus.)

**1. Spendthrifts — Extent of Limited Guardianship of Indian.**

Record examined, and held, that the oral evidence introduced without objection shows that the sole purpose of the county court in appointing a guardian for an adult Osage Indian was to prevent him from spending for current expenses the entire income payable to him from the royalties accruing from the oil lands of the Osage Nation, and not to interfere with his full right to make contracts concerning his personal property and the portion of his income specifically allotted to him by order of the court for his own personal use.

**2. Same — Right to Contract — Evidence.**

The trial court, from the oral evidence adduced, found that the transaction involved herein was not affected by the limited guardianship, and after an examination of the unsatisfactory evidence contained in the record, we are constrained to agree with the trial court.

**3. Same — Affirmance of Judgment.**

For the reasons stated, the judgment of the trial court is affirmed.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by O. P. Robinson against Alex Cannon and J. O. Cales, guardian of estate of Alex Cannon, an incompetent. Judgment for plaintiff, and defendants bring error. Affirmed.

McCollum & McCollum, for plaintiffs in error.

Thurman S. Hurst, for defendant in error.

KANE, J. This was an action for recovery of money commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below.

Originally the cause was tried before a justice of the peace and resulted in a judgment for the plaintiff. Thereafter, on trial de novo before the district court on appeal, the same result was reached, and it is to reverse the latter judgment that this proceeding in error was commenced.

The principal ground for reversal relied upon by counsel for plaintiffs in error is stated in their brief as follows: It is the position and contention of the defendants that before the plaintiff can maintain this action, he must show that the claim has been authorized and approved by the county court of Osage county, who appointed Mr. Cales guardian of Alex Cannon.

After citing J. H. Cox v. Fisher et al., 61 Okla. 304, 161 Pac. 171; William Cameron & Co., Inc., v. Yarby et al., 71 Oklahoma, 175 Pac. 206, and several cases in support of the proposition above stated, counsel continues:

"Under these authorities it is quite clear that the judgment of the trial court is erroneous and cannot be permitted to stand. If the plaintiff in this case desired to have his claim paid, it was his duty to file same with the county court of Osage county, and, if the same be by that court allowed, then the guardian would have ample protection in paying the same, otherwise the guardian would be acting at his own risk."

These authorities correctly state the rule applicable to general guardianships, but this is a limited guardianship, and therefore the operation of the general rule must be limited to fit the facts of the particular case under consideration. From the oral evidence contained in the record before us—there was no record or documentary testimony introduced in the case—it seems that Alex Cannon was a full-blood Osage Indian about 40 years of age, with a wife and family; that although he was a member of the tribe of Osage Indians, he was living in Pawnee county, where this action was commenced and prosecuted to final determination. Cannon was an adult and perfectly sui juris except for a strong propensity to spend for his current needs the entire income payable to him as his share of the oil royalties accruing to the Osage Indians from the oil lands of the Osage Nation. It was solely for the purpose of curbing this propensity or keeping it within proper bounds that the county court of Osage county appointed Mr.

Cales as his guardian. The scope of this guardianship, as we gather it from the oral testimony of Mr. Cales, may be briefly summarized as follows: Mr. Cannon was declared by the court to be incompetent to manage and control his entire income amounting to some $11,000 or $12,000 per year. As we understand Mr. Cales' testimony, the order of the court directs the guardian at stated intervals to pay part of this income to Cannon's wife and family, part of it to Cannon himself, and to retain the balance for Cannon's future use and benefit. That the part of the income turned over to Cannon for his personal use and any personal property he may own or acquire are to remain under his absolute control, he being at liberty to contract in relation to it to the same extent as a competent person.

The transaction out of which the controversy herein arose was as follows: Cannon was the owner of a riding horse which he wished to trade to the plaintiff for another horse. After considerable negotiations the plaintiff and Cannon agreed upon a trade by the terms of which Cannon agreed to trade his horse for the plaintiff's and pay him $200 to boot, the payments to be made out of two separate installments of the allowance set aside for Cannon by the county court. After these parties agreed upon the trade the matter was presented to Cales for approval. The plaintiff testified that Cales approved the trade, and thereupon the horses were exchanged and Cannon executed an order upon Cales to pay the plaintiff the money balance in accordance with the agreement. Upon the refusal of Cales to carry out the agreement the action was commenced.

We are unable to perceive that the order of the county court in the matter of the guardianship in any way interferes with the validity of the agreement entered into between the plaintiff and Cannon. As we have seen, the guardianship was of a very limited nature. Obviously it was the purpose of the county court to curb the money spending propensity of Cannon, but it was not its purpose to interfere with his full right to make contracts concerning his personal property and the portion of his income allotted to him by the order of the court for his personal use.

The trial court from the oral evidence adduced found that the transaction involved herein was not affected by the limited guardianship, and after an examination of the unsatisfactory evidence contained in the record, we are constrained to agree with the trial court.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.