## COLLINSON v. THREADGILL, Guardian.

No. 17336—Opinion Filed Nov. 9, 1926.

Rehearing Denied Feb. 1. 1927.

(Syllabus.)

1. **Appeal and Error—Review—Burden to Show Error—Presumption of Judgment's Validity.**

A judgment, order, or decree of the district court is considered on appeal by this court to be in compliance with the rules of law announced by this court until the party complaining sustains the burden and shows on his assignments of error that the judgment is erroneous.

2. **Same — Affirmance of Order Vacating Former Order Directing Guardian to Pay Judgment Against Incompetent Osage Indian—Noncompliance with Federal Statute.**

Where the district court of Osage county affirms an order of the county court of said county sitting in probate in the matter of the guardianship of an incompetent Osage Indian, in which the county court had vacated an order directing the guardian to pay a certain judgment rendered against the incompetent, and it is made to appear that the Act of Congress of April 18, 1912, had not in the presentation of the claim to the county court been fully complied with, no other reason whether it existed or not is necessary to warrant this court in affirming the judgment of the district court.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Order of county court vacated former order which directed E. A. Threadgill, guardian of Joseph LaSarge, Osage allottee and alleged incompetent, to pay judgment in favor of H. S. Collinson and against said Indian. An appeal to district court, order of vacation affirmed, and Collinson brings error. Affirmed.

A. P. Carr, for plaintiff in error.

Charles L. Roff, Jr., for defendant in error.

BRANSON, V. C. J. Herein H. S. Collinson appeals from the judgment and order of the district court of Osage county. The judgment from which the appeal is taken affirmed the judgment of the county court of Osage county sitting in probate.

The appellant herein had, in the year 1916,

obtained a judgment in the district court of Kay county in the sum of $1,589.45 against one Joseph LaSarge, an Osage Indian citizen, who was shortly thereafter adjudged to be an incompetent person within the meaning of the incompetency statute of the state of Oklahoma, and a guardian, by order of the county court of Osage county, was appointed for the said Joseph LaSarge. Approximately ten years later, the said judgment obtained in the district court of Kay county was revived, the same having become dormant, the order and judgment reviving the prior judgment being entered on February 19, 1925. Thereafter, the said judgment, being presented to the county court of Osage county in the matter of the estate of the said Joseph LaSarge, an incompetent, was by said court allowed and ordered by the guardian paid. Shortly thereafter the county court of Osage county, sitting in probate, vacated and set aside its order allowing the said claim against the said incompetent and directing the payment thereof, from which order vacating and setting aside its previous order an appeal was taken to the district court, where the said order was affirmed. While the appellant, Collinson, makes several assignments of error in his petition in error and undertakes to present the same in his brief, there is nothing in the brief which specifically points out where the district court erred in sustaining the judgment of the county court in vacating the order. The only thing presented in the brief is the statutes he cites—sections 662, 793, 1246, 1453, 1454, C. O. S. 1921. All of said statutes are general in their nature except the last two. Section 1453, C. O. S. 1921, provides, in effect, that every guardian appointed, whether for a minor or otherwise, must pay all just debts due from the ward out of his personal estate and the income of his real estate, if sufficient; otherwise, out of his real estate upon an order for the sale thereof. Section 1454, in effect, provides that the guardian must settle all the accounts of his ward and represent his ward in suits.

We find nothing in the mere citation of these statutes which under the facts in this case would warrant this court in reversing the judgment of the district court, which is presumptively correct.

In replying to the contention made by the appellant, the guardian asserts that the action of the county court was not erroneous, and the action of the district court in affirming the same was within the provisions of the law, primarily for the reason that the guardianship was that of an incompetent Osage Indian, and that such guardianships

were made permissive and authorized to exist under the laws of the state of Oklahoma by an Act of the national Congress of April 18, 1912 (37 Stat. L. 86). Said statute provides:

"That the property of deceased and of orphan, minor. insane or other incompetent allottees of the Osage Tribe, such incompetency being determined by the laws of the state of Oklahoma, which are hereby extended for such purpose to the allottees of said tribe shall in probate matters be subject to the jurisdiction of the county courts of the state of Oklahoma; that a copy of all papers filed in the county court shall be served upon the superintendent of the Osage Agency at the time of filing, and said superintendent is authorized, whenever the interest of the allottee requires, to appeal in the county court for the protection of the interest of the allottee."

And the provisions thereof must be met.

It fails to appear that any of the papers, either incident to the guardianship or any of the other papers incident to the application for the allowance to the appellant, Collinson, were ever served upon the superintendent of the Osage Indian Reservation. It could be said that a guardianship of an Osage Indian citizen is in a sense a limited guardianship. Cannon v. Robinson, 95 Okla. 89, 218 Pac. 872.

Congress had given its consent that guardianships might exist over the Indians of Oklahoma and their estates conditionally. When such authority is exercised, it must be subject to those conditions imposed by the Congress of the United States in its exercise of plenary power over such Indians and their property rights. If there were no other impediment present to the conscious mind of the county judge, and the district judge on appeal, other than that the said act of Congress had not been complied with, this court would not reverse the action. where it has not been shown that the application for this allowance had been served on the superintendent as by said act provided.

The judgment of the district court is affirmed.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 732, §2662. (2) 31 C. J. p. 544, §148.