**PFALZGRAF v. WARD.**

No. 28337.    June 14, 1938.

Joseph W. Foster, for plaintiff in error.

Babb & Babb, for defendant in error.

RILEY, J. This is an action instituted by Herbert Z. Ward against John C. Pfalzgraf et al. for judgment upon a note, and to foreclose a mortgage securing the same.

The action was prosecuted to judgment, and pursuant to order of sale the real estate was sold. Plaintiff, Ward, purchased the realty. Thereafter defendant filed objections to confirmation of the sheriff's sale. From an order overruling defendant's objections and confirming the sheriff's sale, this appeal is taken.

The parties will be referred to herein as they appeared below.

The defendant contends that the undisputed proof shows that the appraisement of the property prior to the sheriff's sale was not made **upon actual view** as required by law.

Section 450, O. S. 1931, provides:

"If execution be levied upon lands and tenements, the officer levying such execution shall call an inquest of three disinterested householders, who shall be residents within the county where the lands taken in execution are situate and administer to them an oath impartially to appraise the property so levied on, **upon actual view;** and such householders shall forthwith return to said officers under their hands, an estimate of the real value of said property."

One of the appraisers testified the three appraisers went upon the premises and viewed the house from the outside, but did not go inside. He had recently appraised the property, at which time he had gone on the inside, and was familiar with it; and that $1,750, the amount of the appraisal, was a fair market price.

Defendant produced two other witnesses who testified the property was worth from $3,500 to $4,000, but on cross-examination both refused to say it would bring that much on the market; there was not much market in the community at that time for the sale of such property.

Another of the appraisers testified they went upon the property and actually viewed it; that they did not go inside the house. He was familiar with it; the defendant had listed the property with him a year or two before to be sold for $2,000.

Under the circumstances of this case we cannot say that the appraisers did not properly appraise the premises.

A judgment, order, or decree of the district court is considered on appeal by this court to be in compliance with the rules of law announced by this court until the party complaining sustains the burden and shows on his assignments of error that the judgment is erroneous. Collinson v. Threadgill, Gd'n, 122 Okla. 174, 252 P. 827. The defendant has not sustained the burden of showing that an appraisement by actual view was not made.

Affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.