FIDELITY LABORATORIES, Inc., v. OKLAHOMA CITY et al.

No. 30470. Sept. 15, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 834.*

Eagin & Eagin, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and J. L. Gowdy, Asst. Municipal Counselor, both of Oklahoma City, for defendant in error Oklahoma City.

DAVISON, J. This case is presented on appeal from the district court of Oklahoma county, Okla. It was instituted in that court on the 1st day of October, 1940, by the Fidelity Laboratories, In-

corporated, against the city of Oklahoma City and E. W. Westmoreland, as defendants.

In its petition plaintiff alleged in substance that it is the owner of a manufacturing plant in Oklahoma City which manufactures, sells, and distributes hog cholera serum; that this plant was built and has been operated by plaintiff and its predecessors in interest since 1915 under a license and authorization from the city.

Plaintiff further asserted that on June 7, 1939, the defendant city enacted an amendatory ordinance, the practical effect of which was to put the plaintiff out of business; that the ordinance was directed at the plaintiff and intended to accomplish the destruction of its business and that it so operated.

Plaintiff also averred that the passage of the ordinance was induced by the efforts of E. W. Westmoreland, whose purpose in procuring its enactment was the destruction of plaintiff's business.

The amendatory ordinance complained of related to the keeping of swine in the city. A copy thereof appears in the record as a part of plaintiff's petition. Omitting the formal parts of the ordinance, the body reads:

"Section I. That Section 11 of Chapter 1 of the Oklahoma City General Ordinances, 1936, be and the same is hereby amended to read as follows:

" 'It shall be unlawful and an offense for any person to rear or keep any swine within the City of Oklahoma City. Provided, however, the provisions hereof shall not apply to any person or corporation who shall haul or transport swine into or through the City destined for shipment, sale or other purpose so long as said swine are not permitted to remain in the City for a longer period than twelve (12) hours.' "

Plaintiff sought to recover $96,000 as damages for the passage of the foregoing ordinance.

Incidentally, it appears that the ordinance has heretofore been declared valid in the Federal Court for the Western District of Oklahoma.

Separate demurrers were filed by the respective parties defendant. Both challenged the sufficiency of the petition to state facts sufficient to constitute a cause of action. Both were sustained, and the plaintiff has appealed. The order of appearance is thus preserved in this court.

In presenting its case on appeal the plaintiff states that the question involved is unique in this jurisdiction. The issue involved as stated by it is "whether or not a petition which alleges that a city passed an ordinance in furtherance of a conspiracy to destroy private property states a cause of action against the city under a general demurrer." It is appropriate, however, that we recognize that this question is limited by the nature of the relief sought, namely, damages.

If the purpose of the suit were to attack the validity of the ordinance, a different question would be presented. This court has already noted that the enforcement of an ordinance valid and fair on its face may be enjoined if it is applied and administered with an "evil eye and an unequal hand." City of Tulsa v. Thomas, 89 Okla. 188, 214 P. 1070. By alluding to this holding we do not mean to intimate that the ordinance now before us is invalid for the reason suggested. That question is not now before us.

An entirely different question is presented where damages against the city, rather than injunctive relief against the enforcement of an ordinance, are sought. In connection with damages the doctrine of sovereign immunity is of controlling importance. In 38 Am. Jur. 298 (Municipal Corporations, sec. 602) it is said:

"A municipal corporation cannot be held civilly liable upon any sound legal principle for the mere enactment of an ordinance by its governing body. Where the council acts in its legislative capacity for governmental purposes, the municipality is no more liable than

the state would be for similar action taken by the Legislature. If the orders of a municipal council are within its authority, a person injuriously affected has no cause of action against the municipality, or redress of any sort. Police regulations to direct the use of private property so as to prevent its proving pernicious to the citizens at large are not unlawful, although they may in some manner interfere with private rights, without providing for compensation. If, on the other hand, the ordinance is beyond the power of the council to enact, either because it is not within the scope of the power delegated to the municipality by the Legislature, or because it attempts to interfere with personal or property rights in an unconstitutional manner, the ordinance is void, and nobody can be injured merely because the municipal council goes through the form of enacting it. The mere fact that the enactment of a valid ordinance is the indirect cause of an injury to a citizen is no ground for liability of the municipality."

In McQuillin on Municipal Corporations (2d Ed.) Revised, vol. 6, section 2802, it is said:

"The enactment of ordinances is a governmental function as is also the enforcement thereof. . . ."

In Wikstrom v. City of Laramie, 37 Wyo. 389, 262 P. 22, damages were sought against a municipality for the enforcement of a zoning ordinance. It was noted that the passing of such an ordinance is a governmental function.

The plaintiff suggests that the cloak of governmental immunity should be removed in this case upon constitutional considerations. It invokes the constitutional mandate that private property cannot be taken or damaged for public use without compensation. Article 2, sec. 23, Oklahoma Constitution (similar proviso, 5th Amendment, Constitution of the United States). This argument overlooks the fundamental consideration that public use was not here contemplated. There was merely a restriction placed upon the property for private use. Such a restriction constitutes an exercise of the police power (2 Am.

Jur. 717) and does not fall within the protection of constitutional provisions against taking or damaging for public use without compensation. Mugler v. Kansas, 123 U. S. 623, 31 L. Ed. 205. It follows that the trial court did not err in sustaining the demurrer against the defendant city.

Insofar as the defendant E. W. Westmoreland is concerned, the plaintiff has practically, if not formally, abandoned its appeal. In its brief it says:

"Our petition charges the city of Oklahoma City committed a tort by the passage of ordinance number 5091. We direct this brief to that statement."

And at a later point it is said:

"In this brief we have not called attention to the other defendant, E. W. Westmoreland, the individual who conspired with the city council. We have done so for the simple reason that we do not think any question as to his liability under the petition is affected by the position the city takes. Our petition is good against E. W. Westmoreland for facts which make him liable to the plaintiff in error as set out in our petition for malicious interference with our property."

In this court it is presumed that the trial court did not err and assignments of error presented by counsel in their brief unsupported by authority will not be noticed on appeal unless it is apparent without further research that they are well taken. Drum Standish Commission Co. v. First National Bank & Trust Company of Oklahoma City, 168 Okla. 400, 31 P. 2d 843.

The plaintiff's assertion that the trial court erred in sustaining the demurrer as to the defendant Westmoreland is unsupported by argument or authority. It is not properly presented for review and will not be herein considered.

The judgment of the trial court is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.