**Gulalai HAMID, Appellee,**

v.

**SEW ORIGINAL & Jean E. Wahl, Appellants.**

**No. 55691.**

Supreme Court of Oklahoma.

April 6, 1982.

Sew Original and Jean E. Wahl, pro se.

OPALA, Justice:

(1) This was a small claim by appellee [plaintiff] to recover $150 "for sewing". Within the time allowed by law the appellant, Sew Original [one of the defendants below], filed a counterclaim by and through its general manager, Jean E. Wahl [the co-defendant], to recover $290 for the expense of reworking garments and for the value of "ruined garments". So far as the record discloses, both the plaintiff's claim and the counterclaim were reached for trial without a jury on July 25, 1980. Judgment for $100 was rendered in favor of the plaintiff. Defendant achieved no recovery under the counterclaim on file.

(2) The petition-in-error complains of prejudicial rulings in the trial judge's failure to admit into evidence two documents and of his refusal to consider the "timely filed counterclaim".

(3) The record tendered for our review consists of the court clerk's file and of a "Statement of Proceedings" prepared by defendant Jean E. Wahl as an individual and in her capacity as general manager for the defendant Sew Original.

The "statement" so filed may not be treated as a record of proceedings before the trial judge. Neither our case law nor the court rules, Rules of Appellate Procedure, 12 O.S. 1971, Ch. 15, App. 2, will authorize this court to accept—in lieu of a stenographic transcript of trial court proceedings—a narrative statement, prepared and signed by the defeated litigant, which gives only that litigant's version of what had occurred in the courtroom. Were that

method of record preparation sanctioned by our judicial system, it would offend the fundamental notions of fairness that are protected by both the state and the federal due-process clauses. Unauthenticated record presents nothing for this court's review. *Tobin v. Holmboe*, 172 Okl. 546, 45 P.2d 716, 721 [1935].

(4) Because there is before us no legally acceptable and properly authenticated record of trial court proceedings, our review must be confined to an examination of the contents of the court clerk's file.

The sole error urged for reversal in the brief is the trial court's refusal "to admit the counterclaim". This specification, as we understand the phrase used, no doubt complains of the trial judge's failure to consider the defendant's counterclaim. If this did in fact occur, the alleged flaw does not appear on the face of the court clerk's file. From the paperwork properly before us, all we know is that there was no recovery on the counterclaim. There is *no* contrary showing. Legal error may not be presumed in an appellate court from a silent record. The opposite is true. Absent a record showing otherwise, this court *presumes that the trial court did not err. Fidelity Laboratories v. Oklahoma City*, 191 Okl. 473, 130 P.2d 834 [1942]; *Seidenbach's v. Crown Drug Co.*, 191 Okl. 223, 127 P.2d 800 [1942]. Whenever appellate record does not include any evidence, a presumption arises that the judgment was responsive to the proof adduced. *Gilkes v. Gilkes*, Okl., 389 P.2d 503 [1964].

(5) Reversal is never automatic on appellee's failure to file answer brief. *Needham v. Hays*, Okl., 431 P.2d 441, 442 [1967]. When, as here, the meager record presented does not support the error alleged in appellant's brief, the trial court's judgment cannot be disturbed. It is presumed correct until the contrary has been shown by the record. *Pfalzgraf v. Ward*, 183 Okl. 154, 80 P.2d 634, 635 [1938]. Appellants have not sustained the burden so cast.

The court clerk's file presents nothing for our review. If the defendant Sew Original

does make an appropriate motion, the record below should be clarified to show whether the counterclaim was in fact denied on July 25, 1980 or was merely deferred for future consideration. The appeal is

DISMISSED

BARNES, V. C. J., HODGES, SIMMS, HARGRAVE and WILSON, JJ., concur.

IRWIN, C. J., and LAVENDER, J., dissent.