**Matella KENDRICK, Plaintiff–Appellee,**

v.

**FEDERAL EXPRESS, Defendant–Appellant.**

**Nos. 79631, 79836.**

Court of Appeals of Oklahoma, Division 4.

Aug. 24, 1993.

Rehearing Denied Nov. 15, 1993.

Certiorari Denied Jan. 25, 1994.

F. Anthony Musgrave, Tulsa, for plaintiff-appellee.

Chad R. Whitten, Whitten, Layman and McKenzie, Tulsa, for defendant-appellant.

**BRIGHTMIRE,** Judge.

The dispositive question is whether the district court erred in exercising jurisdiction over, and ordering the apportionment and disbursement of, proceeds derived from the settlement of a workers' compensation claimant's third-party claim.

We hold that the court did not err and sustain its order.[1]

## I

The operative facts are not in dispute. The plaintiff-claimant, Matella Kendrick, sustained personal injuries November 15, 1990, as a result of a motor vehicle accident while driving a delivery truck for the defendant-employer, Federal Express.

Kendrick filed her Form 3 January 22, 1991. While receiving medical treatment and temporary total disability benefits from the employer she unilaterally negotiated a settlement with a third-party defendant's automobile liability insurance carrier for the policy limits of $10,000—a settlement which was approved by the Workers' Compensation Court on July 12, 1991, over the objection of Federal Express.

On September 3, 1991, Kendrick filed suit in the District Court of Tulsa County against Federal Express asking that court to apportion the proceeds resulting from the settlement. A few days later Federal Express moved to dismiss the district court action on two grounds: (1) Plaintiff Kendrick's petition failed to state a valid claim for relief under the terms of 85 O.S.1991 § 44—the statute she relied on; and (2) the district court lacked subject matter jurisdiction because the matter is vested exclusively in the Workers' Compensation Court by 85 O.S.1991 § 12. The motion was denied on October 1, 1991, in an order which also stated that the

subrogation interest of defendant Federal Express in the recovered proceeds would not be determined until after the Workers' Compensation Court had made a final determination of workers' compensation benefits.

The following January, Kendrick's workers' compensation claim was tried. Federal Express says it asked the trial judge "to make a specific finding as to whether the employer herein is responsible only for the deficiency between the amount actually collected from the third party and the amount of compensation provided for by the Workers' Compensation Act."[2] The Workers' Compensation Court judge, in an order filed February 5, 1992, awarded to the claimant the amount of $15,913 for permanent partial disability, but made no mention of Federal Express' request for a deficiency finding. Federal Express appealed to the three-judge panel on February 11, 1992.

On April 21, 1992, the District Court of Tulsa County entered an "Order for Apportionment of Funds" which apportioned the entire $10,000 to plaintiff Kendrick.

Federal Express appealed this order May 14, 1992, and it was given number 79,631.

Then on June 2, 1992, the Workers' Compensation Court three-judge panel sustained the workers' compensation trial court in an order which Federal Express complains was also silent about "whether a deficiency existed between the amount actually collected from the third party and the amount of compensation provided for by the Workers' Compensation Act." Federal Express also appealed this order on June 18, 1992, and it bears appeal No. 79,836.

On July 20, 1992, the supreme court issued an order consolidating the two appeals under No. 79,631.[3]

1. A companion case—Federal Express, an Own Risk Insurer, Petitioner–Appellant v. Matella Kendrick and The Workers' Compensation Court, Respondents–Appellees—was never perfected and was dismissed by this court.

2. Before us is only one record—the one developed in the District Court of Tulsa County. Since we have no record of the proceeding in the Workers' Compensation Court we will decide the legal issue presented on the basis of the district

court record and the statement in the brief of Federal Express as to what went on in the Workers' Compensation Court—a statement which, in her brief, the claimant-appellee says she "would concur with."

3. At that time the supreme court did not have access to information which later developed to make Appeal No. 79,836 dismissable.

## II

Federal Express' first "Proposition" relates to an error raised in appeal No. 79,836. Since that appeal has been dismissed pursuant to Civil Appellate Procedure Rule 1.104(b), it is not reviewable.[4]

## III

■ The second "Proposition" advanced by Federal Express is a question, *viz.:* "Does 85 O.S.[1991] § 44 create an independent cause of action between an injured employee and the employer which is separate and apart from an employee's action against a negligent third party?"

Federal Express' ensuing discussion suggests it is of the opinion that the question should be answered in the negative. It evidently takes the position that the jurisdiction conferred on the district court by § 44(a) must be invoked by first filing a lawsuit against the third-party tortfeasor.

This, however, is not what § 44(a) says. The relevant last paragraph reads:

"In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable."

When the phrase "shall be apportioned by the district court having jurisdiction of the employee's [third-party] action" is considered in context of the first sentence, it is clear that the legislative intent was to place the responsibility for apportioning third-party claim recoveries in the district court, as distinguished from the Workers' Compensation Court, whether a third-party lawsuit is filed

or not. And this makes sense because it tends to maintain a consistency of jurisdiction and forum with respect to both filed and unfiled third-party claims.

Thus our answer to the question Federal Express poses is that to the extent § 44 provides for submitting a compromise settlement recovery of an unfiled claim to the court for apportionment between the employee and employer it does, by implication, create a claim for such statutory relief.

## IV

■ Having established that the district court's jurisdiction was properly invoked by employee Kendrick, we turn to Federal Express' last contention which reads in its entirety as follows:

"*Alternatively,* the District Court has committed error as a matter of law by awarding one hundred percent (100%) of the funds received from the third party insurer to Ms. Kendrick. The employer should have received a portion of these proceeds as mandated in *Prettyman v. Halliburton Company,* No. 63,557 (Okla. May 5, 1992)."[5]

We disagree. *Prettyman* involved a factual situation significantly different from the one we deal with in the case sub judice. In *Prettyman* the workers' compensation carrier had paid out some $152,986.95 for work-related injuries the employee sustained as a result of a third-party tortfeasor. The guardian for the seriously injured worker elected to bring a third-party action against the tortfeasor, Halliburton Company, seeking eleven million dollars. The claim was eventually settled for two million dollars—a figure which the plaintiff considered to be one-third of the value of the case. To satisfy the compensation carrier's subrogation claim the employee's guardian asked the district court to apportion the recovery by awarding the carrier one-third of the amount it had paid out—$50,485.69—to equate with the plaintiff's settling for one-third of the estimated

---

4. Rule 1.104(b) provides that "[i]f neither the record on appeal, nor Notice of Completion of Record on Appeal ... is filed with the Clerk of this Court [within forty-five (45) days from date petition for review is filed in the Supreme Court]

a proceeding for review *will be dismissed sua sponte.*" (Emphasis added.)

5. The case is found in 841 P.2d 573.

value of his claim, less $21,280.21 for the carrier's share of the attorney's fee and expenses, leaving a net reimbursement in the amount of $29,205.48. The trial court found this figure to be "just and reasonable" as required by § 44(a).

The carrier appealed contending that under the circumstances of the case the "just and reasonable" provision did not apply and that it was entitled to recoup the full amount of its $150,000 subrogated interest subject only to sharing recovery expenses. In reversing the apportionment order, the supreme court stressed that § 44 was intended to protect the recovery rights of the employee as well as the subrogation rights of the employer in any related third-party claim. The court concluded that the phrase "compromise settlement" has acquired an established special meaning as used in § 44—a meaning concerned with the "amount" as distinguished from the "method" of recovery, saying:

> "It has consistently and constantly meant a compromise by an injured worker with the negligent third party *for less than the amount of the workmen's compensation award.*" (Emphasis in original.)

Here, of course, the settlement was for less than the amount of the workers' compensation award, but it was the maximum that could be recovered because it was the policy limit of a judgment-proof third party. Obviously the "ratio" formula fashioned in *Prettyman* cannot be applied in such a situation, and this fact points up why the legislature added the last paragraph of § 44(a) leaving it up to the court to make a "just and reasonable" apportionment of a "compromise settlement" as defined in *Prettyman.*

Kendrick complied with the requirements of § 44(a) by obtaining the approval of the Workers' Compensation Court to settle for the $10,000 figure. And then, because the parties could not agree on how to divide it, she filed an action in the district court asking it to make an apportionment of the recovery. And it did—by awarding the net recovery of around $6,000 [6] to Kendrick.

This leaves open for consideration only the question of whether the trial court's apportionment order is "just and reasonable."

In support of her decision, the trial judge stressed the "minimal amount of the policy," the fact that the recovery resulted from the effort and expense of Kendrick's attorney, the fact that Kendrick has had to defend two motions to dismiss and the fact that the workers' compensation award has not been paid and has been appealed. Federal Express does not discuss the matter at all and we find nothing in the record which in any way tends to overcome the presumption of correctness that inheres in a trial court's decision. *See, e.g., Hamid v. Sew Original,* 645 P.2d 496 (Okl.1982).

Affirmed.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

6. This figure is an estimate of what might remain after deducting the thirty-five percent fee of the claimant's attorney and at least $500 for prosecutorial expenses.