Jerome BROOKS, Appellant,

v.

Andrea M. HAMILTON, Appellee.

No. 80658.

Supreme Court of Oklahoma.

Nov. 23, 1993.

Speck, Easter & Hayden by Pamela L. Mitchell, Oklahoma City, for appellant.

Andrea M. Hamilton, pro se.

HODGES, Chief Justice.

The issue on appeal is whether this action was barred by the statute of limitations. Based on the record on appeal, we hold that the action was barred.

The plaintiff filed a narrative statement in the trial court. The statement does not conform to the requirements of Rule 1.22 of the Rules of Appellate Procedure because it has not been approved by the trial judge. On July 23, 1993, this Court ordered the plaintiff to secure and file a narrative statement in compliance with Rule 1.22. Because the plaintiff has not complied with this order, the narrative statement which was submitted will not be considered.

The record on appeal contains the following facts. The plaintiff, Jerome Brooks, alleged that the defendant, Andrea M. Hamilton, is indebted to the plaintiff for damages arising out of an automobile accident which occurred on May 26, 1989. On June 22, 1992, the plaintiff initiated this action by filing an affidavit in Small Claims Court as required by section 1753, title 12 of the Oklahoma Statutes. The trial court held the statute of limitations barred the action.

Section 93 (Third) provides that an action for recovery of damage to property must be brought within two years after the action accrues. According to plaintiff's affidavit, the present action accrued on May 26, 1989. Because the record shows that the action was initiated on June 22, 1992, more than two years after it accrued, it is barred by title 12, section 95 (Third).

In the brief, the plaintiff claims he first commenced the action on May 1, 1991, within the limitations period. He also maintains that action was dismissed on October 29, 1991, for failure to serve the

defendant. The present action was initiated on June 22, 1992, by filing the affidavit in Small Claims Court. *See* Okla.Stat. tit. 12, § 1753(A) (1991). The plaintiff asserts section 100 provides that the bar of the statute of limitations is suspended if an action is refiled within one year after the dismissal other than on the merits of a timely commenced action. He concludes the affidavit filed in the present case relates back to May 1, 1991, under section 100 of title 12, and, thus, the action is not barred by the statute of limitations. Because the narrative statement is not in compliance with Rule 1.22 and there is nothing in the record to show that this case had been previously filed and dismissed, plaintiff's allegations of fact are not supported by the record on appeal. *See Hamid v. Sew Original*, 645 P.2d 496, 497 (Okla.1982).

In conclusion, we hold that the present action is barred by section 95 (Third) of title 12 of the Oklahoma Statutes. The trial court's judgment is affirmed.

AFFIRMED.

LAVENDER, V.C.J., and HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

SIMMS and ALMA WILSON, JJ., concur in result.