231 P.3d 783 (2010)
2010 OK CIV APP 31
In the Matter of L.H.; N.W.; S.W.; S.W.; and S.C., Alleged Deprived Children.
Crystal White, Appellant,
Robert White, Defendant,
v.
The State of Oklahoma, Appellee.
No. 107118. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
March 5, 2010.
*784 Ryan A. Meacham, Randolph S. Meacham, P.C., Clinton, OK, for Appellant.
Gina R. Webb, Assistant District Attorney, Cheyenne, OK, for State of Oklahoma.

OPINION
WM. C. HETHERINGTON, JR., Judge.
¶ 1 Crystal White (White) appeals a trial court order terminating her parental rights to her four minor children as result of a jury verdict filed of record April 16, 2008. We agree notice in this case was insufficient to proceed to trial in the absence of this appellant, and the case must be reversed and remanded for further proceedings.
¶ 2 In her appeal,[1] White alleges two propositions of error: first, the trial court did not make the requisite findings to terminate her parental rights, and second, the judgment ordering termination of White's parental rights is void for lack of jurisdiction due to defective service. Counsel representing the State filed an Entry of Appearance but then neither filed a Response to Petition in Error nor an Answer brief, and by virtue of an order of the Oklahoma Supreme Court, this case is submitted based upon Appellant's brief only.
¶ 3 Although reversal is never automatic when an appellee fails to file an answer brief, Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496, this Court is under no duty to search the record for some theory to sustain the trial court judgment, and will ordinarily, where the brief in chief is reasonably supportive of the allegations of error, reverse the appealed judgment. Sneed v. Sneed, 1978 OK 138, 585 P.2d 1363.
¶ 4 White's second proposition is determinative of this appeal. While we do not agree that the failure to comply is jurisdictional, the statutory due process scheme in parental rights termination cases requires more than the initial notice of the petition to terminate parental rights by summons. 10 O.S.Supp. § 7006-1.1
¶ 5 Prior to an actual hearing, "... notice of the hearing on the application and a copy of the application shall be served upon the parent or putative father who is the subject of the application in the same manner as summons is served in civil cases, not less than 15 calendar days prior to the hearing." 10 O.S.Supp. § 7006-1.2.[2]
¶ 6 Record review demonstrates a failure of compliance with 10 O.S. § 7006-1.2. Notice of the trial proceedings may be made *785 by publication, as was done in this case, but only after the requirements of 10 O.S.2001 § 7006-1.2(A)(3)(a) are met. This section requires:
If the identity or whereabouts of a parent or putative father are unknown, the court must determine whether the parent or putative father can be identified or located. Following an inquiry pursuant to subsection B of this section, if the court finds that the identity or whereabouts of the parent or putative father cannot be ascertained, and this fact is attested to by affidavit of the other parent, legal guardian or custodian of the child, it shall order that notice be given by publication and, if the identity is known, that a copy be mailed to the last-known address of the parent or putative father.
¶ 7 Publication notice was attempted twice, but there is no record of court determination of location efforts with the required affidavit prior to an order authorizing such publication notice.
¶ 8 Service by publication was insufficient to proceed to trial in the absence of this appellant and the case is REVERSED and REMANDED for further proceedings.
BUETTNER, P.J., and HANSEN, J., concur.
NOTES
[1] We note that the petition in error and record designation filed June 17, 2009, are styled as "Crystal White, Robert White" as appellants. However the petition in error cites only "Crystal White" as the sole party seeking appellate relief and we consider accordingly, even though Robert White's parental rights were also terminated by way of the same jury trial and publication notice.
[2] Renumbered and amended as 10A O.S.Supp. 2009 § 1-4-905 by Laws 2009, c. 233, § 264, emerg. eff. May 21, 2009, after this jury verdict and Termination Order were entered.