OSCN Found Document:IN THE MATTER OF A.W.

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN THE MATTER OF A.W.
2014 OK CIV APP 5
Case Number: 111454
Decided: 12/05/2013
Mandate Issued: 01/03/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 5, __ P.3d __



IN THE MATTER OF A.W.:


DANIELLE FRANKLIN, Appellant,
v.
STATE of OKLAHOMA, Appellee.





APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA


HONORABLE TOM L. NEWBY, JUDGE





REVERSED AND REMANDED





Joshua C. Davis, Enid, Oklahoma, for Appellant.







Larry Joplin, Chief Judge:



¶1 Appellant, Danielle Whitesides Franklin (Mother), seeks review of the trial court's January 9, 2013 amended order terminating Mother's parental rights to A.W., born in 2002, and refusing to vacate the trial court's earlier consent order terminating Mother's parental rights, based upon her failure to appear at the termination proceeding for which she had been served notice. In this appeal, Mother alleges the trial court abused its discretion and violated her constitutional and statutory rights when it refused to vacate the default consent order terminating her parental rights. Mother alleges the trial court also failed to identify the statutory basis for termination, failed to make specific findings supporting termination, and failed to determine the child's best interests. Mother's third proposition of error alleges the trial court's amended order fails because the State presented no clear and convincing evidence in support of its petition and the trial court failed again to address the child's best interests.


¶2 This court will review the trial court's denial of a motion to vacate a judgment for abuse of the trial court's discretion. In re J.C., 2010 OK CIV APP 138, ¶7, 244 P.3d 793, 795, citing Patel v. OMH Medical Center, Inc., 1999 OK 33, ¶20, 987 P.2d 1185, 1194. "Abuse occurs if the trial court exercises its discretion to an end or purpose not justified by, and clearly against, reason and evidence, or if it errs with respect to a pure, unmixed question of law." In re J.C., 244 P.3d at 795 (citations omitted). Legal errors are reviewed under a de novo standard. In re W.A., 2004 OK CIV APP 50, ¶4, 91 P.3d 682, 683.


¶3 We note Appellee (State of Oklahoma) did not file a response brief in this appeal. Therefore, this appeal proceeds on Appellant's brief only. In the case proceeding on the appellant's brief only, this court is under no duty to search the record for a basis to affirm the judgment, and where the appellant's brief is "reasonably supportive of the allegations of error" this court will ordinarily grant the relief sought by the appellant. Sneed v. Sneed, 1978 OK 138, 585 P.2d 1363. However, "(r)eversal is never automatic[.] [The trial court's judgment] is presumed correct until the contrary has been shown by the record." Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496, 497 (citations omitted).


¶4 The initial hearing upon the State's application to terminate Mother's parental rights was held on October 25, 2012. The record indicates Mother was personally served by summons on October 10, 2012. The summons contained the following:




FAILURE TO PERSONALLY APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE TERMINATION OF YOUR PARENTAL RIGHTS TO THIS CHILD. IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD NAMED IN THE PETITION OR MOTION ATTACHED TO THIS NOTICE.




Thereafter, Mother failed to appear at the October 25th hearing.


¶5 At the hearing, the trial court noted Mother was served with a summons on October 10, 2012 and that the summons contained language informing her that her failure to appear would constitute consent to the termination of her parental rights. The trial court then noted the date and time, along with Mother's absence, and found Mother's parental rights should be terminated. The corresponding order was filed on November 19, 2012. The order noted Mother and Father had been properly served, neither attended the hearing and their parental rights were terminated.[1]


¶6 Mother timely filed a motion to vacate the order terminating her parental rights on December 18, 2012. Mother's motion argued that despite her failure to appear, the State must still present clear and convincing evidence of the grounds for termination, because the heightened evidentiary standard demanded in termination cases still applies, regardless of statutory consent under 10A O.S. Supp.2009 §1-4-905. See In the Matter of A.T., 2011 OK CIV APP 81, ¶11, 262 P.3d 386, 388.


¶7 The hearing on Mother's motion to vacate the order terminating her parental rights was set for January 3, 2013. Mother's counsel, who was present at the January 2013 hearing, argued that the original order terminating parental rights must be vacated, because it failed to make any findings other than the consent to termination due to her absence from the proceedings. The trial court reviewed the allegations of the petition, which included failure to correct the conditions leading to the child's deprived status, failure to provide a safe home, failure to complete in-home services, failure to seek mental health treatment, failure to complete a substance abuse assessment and failure to visit the child. According to the record of the January hearing, the trial court summarily declared Mother failed to correct the conditions as alleged in the petition and changed the motion to vacate into "an order nunc pro tunc terminating parental rights on proper grounds." The trial court made these findings without taking testimony or evidence. The trial court's amended order was filed on January 9, 2013. Mother then filed this appeal.


¶8 Mother's parental rights were terminated at the October 25th proceeding, because after being properly served regarding the hearing to terminate her parental rights, she did not attend, and was deemed to have consented to the termination under the terms of 10A O.S. §1-4-905(A)(5).[2] Section 1-4-905 also contains the procedure by which the parent should proceed, if the parent seeks to vacate the termination by consent for failure to appear. 10A O.S. §1-4-905(B):




B. 1. The court shall have the power to vacate an order terminating parental rights if the parent whose parental rights were terminated pursuant to subsection A of this section files a motion to vacate the order within thirty (30) days after the order is filed with the court clerk.


2. Notice of the motion shall be given to all the parties and their attorneys and the court shall set the matter for hearing expeditiously.


3. The burden of proof is on the defaulting parent to show that he or she had no actual notice of the hearing, or due to unavoidable casualty or misfortune the parent was prevented from either contacting his or her attorney, if any, or from attending the hearing or trial.


4. If the motion to vacate the order terminating parental rights due to a failure to appear is found to have merit, the statutory consent shall be set aside and a new trial conducted.




¶9 At the January 3rd hearing, instead of following the procedure outlined above in §1-4-905(B), to determine if Mother's motion to vacate the October 25th termination should have been granted or denied, the trial court entered an entirely new, "nunc pro tunc," order that purported to terminate Mother's parental rights based on two different rationales; first, termination due to Mother's deemed consent under §1-4-905(A)(2), and second, for Mother's failure to correct the conditions which led to the child's deprived status and other parental failings under§1-4-904(B)(5). This dual track rationale in consideration of Mother's motion to vacate was in error.


¶10 The purpose of the January 2013 hearing on the motion to vacate was for the court to evaluate its October 25th order under the terms of §1-4-905(B), allowing Mother the opportunity "to show that [ ] she had no actual notice of the hearing, or due to unavoidable casualty or misfortune [she] was prevented from either contacting [ ] her attorney, if any, or from attending the hearing or trial." However, the trial court did not review the motion to vacate under the terms of §1-4-905(B). Instead, when faced with consideration of the motion to vacate, the trial court entered a new termination order making a clear and convincing evidence finding on the merits of the underlying petition, using a §1-4-904(B) rationale, and did so without taking any evidence.


¶11 Even assuming the trial court had considered actual evidence in reaching its decision under §1-4-904(B), the trial court erred, because the proper inquiry on Mother's motion to vacate should have been conducted under §1-4-905(B). Therefore, upon remand, the trial court must consider the merits of Mother's motion to vacate under the terms of §1-4-905(B). If the trial court finds Mother's motion to vacate has merit, only then would the consent order need to be set aside and a trial on the merits of the State's underlying petition to terminate Mother's parental rights conducted in accordance with 10A O.S. §1-4-904(B)(4).


¶12 The trial court's order nunc pro tunc, is reversed and this cause remanded for a new hearing upon Mother's motion to vacate the termination of her parental rights.




¶13 REVERSED and REMANDED.





BUETTNER, P.J., and BELL, J., concur.





FOOTNOTES




[1] The termination of Father's parental rights have not been raised as an issue in this appeal.





[2] 10A O.S. §1-4-905(A)(5):


The failure of a parent who has been served with notice under this section to personally appear at the hearing shall constitute consent to the termination of parental rights by the parent given notice. When a parent who appears voluntarily or pursuant to notice is directed by the court to personally appear for a subsequent hearing on a specified date, time and location, the failure of that parent to personally appear, or to instruct his or her attorney to proceed in absentia at the trial, shall constitute consent by that parent to termination of his or her parental rights.









 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2004 OK CIV APP 50, 91 P.3d 682, IN THE MATTER OF W.A.
Discussed 2010 OK CIV APP 138, 244 P.3d 793, IN THE MATTER OF J.C.
Discussed 2011 OK CIV APP 81, 262 P.3d 386, IN THE MATTER OF A.T.
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1978 OK 138, 585 P.2d 1363, SNEED v. SNEED
Discussed 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed