**Robert L. HATCHER, Appellant,**

v.

**James SUMPTER, Appellee.**

**No. 75310.**

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 21, 1992.

Robert L. Hatcher, pro se.

BAILEY, Judge:

Appellant Robert L. Hatcher (Hatcher) seeks review of the Trial Court's order dismissing Hatcher's defamation action on motion therefor of Appellee James Sumpter (Sumpter). Herein, Hatcher alleges er-

ror of the Trial Court in dismissing his action.

Hatcher commenced the instant defamation action against Sumpter claiming Sumpter had falsely accused Hatcher of assault with a deadly weapon (a knife), resulting in Hatcher's loss of earned credits, loss of employment, and Hatcher's incarceration in restrictive housing.[1] Sumpter moved to dismiss, claiming truth as a defense, and asserting Hatcher's lack of capacity to sue, and Sumpter's lack of capacity to be sued.

On September 7, 1989, the Trial Court entered a "scheduling order," reflecting appearances by both Hatcher and Sumpter. By that order, the Trial Court dismissed Hatcher's case as "spurious."

On September 15, Hatcher moved the Court to reconsider, or alternatively, to allow amendment of the initial petition. By minute order dated March 8, 1990, the Trial Court denied Hatcher's motion to reconsider "direct[ing] no further filings in the case."

Hatcher then commenced the instant appeal. Sumpter has filed no responsive pleading or brief, and the matter stands submitted on Hatcher's brief only.[2]

Under the facts and circumstances of this particular case, we find no error by the Trial Court in dismissing Hatcher's petition. In that regard, we view prison disciplinary hearings as quasi-judicial in nature.[3] We further view an inmate complaint concerning violations of law or breach of prison rules which might lead to disciplinary proceedings as a preliminary communication having some reason-

---

1. Both Hatcher and Sumpter were, at all times pertinent hereto, inmates at the Oklahoma State Reformatory, Granite, Oklahoma (hereinafter OSR).

2. In that regard, while we recognize that generally, where no answer brief is filed, and the omission is unexcused, the appellate courts are under no duty to search the record for some theory to sustain the trial court's judgment, and on appeal, will *ordinarily*, where the brief in

chief is reasonably supportive of the allegations of error, reverse the judgment and remand for further proceedings, we further recognize that reversal is not automatic for failure to file an answer brief. Cf., *Sneed v. Sneed*, 585 P.2d 1363 (Okl.1978); *Harvey v. Hall*, 471 P.2d 911 (Okl.1970); with, *Hamid v. Sew Original*, 645 P.2d 496 (Okl.1982).

3. Cf., e.g., *Kirschstein v. Haynes*, 788 P.2d 941, 948–949 (Okl.1990).

able relation to a proposed quasi-judicial proceeding to which privilege attaches.[4] We consequently hold Sumpter's publication of the allegations of Hatcher's violation of law (i.e., assault with a deadly weapon) to the OSR administration, followed by administrative hearings in accord with prison disciplinary procedures and due process safeguards, to be privileged and incapable of supporting Hatcher's defamation claim.[5] Hatcher could not therefore prove any set of facts entitling him to relief on his defamation claim, rendering dismissal proper.[6] We thus conclude the Trial Court commit-

ted no error in denying Hatcher permission to amend and in dismissing the action.

The order of the Trial Court denying Hatcher's motion to reconsider is therefore AFFIRMED.

GARRETT, P.J., and ADAMS, J., concur.

---

**4.** 12 O.S.1981 § 1443.1; *Kirschstein,* 788 P.2d at 948–949, 951–952.

**5.** 12 O.S. § 1443.1; *Kirschstein,* 788 P.2d at 947–949.

**6.** 12 O.S.A. § 2012 (West, 1990 Supp.), Committee Comment. See also, *Frazier v. Bryan Hospital Authority,* 775 P.2d 281, 287 (Okl.1989); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A J. Moore & J. Lucas, Moore's Federal Practice 2271–74 (2d ed. 1984).