**WILLIAMS & KELLEY ARCHITECTS, A Partnership, Appellant and Counter–Appellee,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 1, OKMULGEE COUNTY, Appellee and Counter–Appellant.**

Nos. 81600, 81617.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 2, 1994.

Certiorari Denied Oct. 25, 1994.

---

Richard A. Gann, Riggs, Abney, Neal & Turpen, Tulsa, for appellant/counter-appellee.

Rod W. Wiemer, Rainey & Barksdale, Okmulgee, for appellee/counter-appellant.

## MEMORANDUM OPINION

JONES, Judge:

In 1986, Appellant Williams & Kelley Architects ("Architects") sued Appellee Independent School District No. 1, Okmulgee County ("School District"), to recover for

architectural services rendered to School District between 1980 and 1985 for planning and construction of a new high school. By amended petition in 1987, Architects pleaded claims for breach of contract, implied contract, and lost profits. The breach of contract and lost profits claims were later resolved against Architects on School District's motion for summary judgment.

On the eve of trial in 1992, School District filed an offer to confess judgment for $25,100 under 12 O.S.1991 § 1101. The offer to confess was silent on the matter of attorney fees and costs. Architects accepted the offer and filed notice of acceptance.

Architects then filed a combined motion for costs and attorney fees and for prejudgment interest. The motion requested $37,391.25 in attorney fees, and $3,086.80 in costs. After an evidentiary hearing, the trial court awarded attorney fees of $25,000 and $3,021.80 for costs, but denied the request for prejudgment interest. Architects appealed, contending they were entitled to prejudgment interest on the confessed judgment.[1]

School District counter-appealed, raising challenges to the attorney fee and cost awards. School District contends (1) the trial court should not have granted attorney fees or costs on the confessed judgment; and (2) the attorney fee and cost awards were excessive. The two appeals were consolidated for disposition.

■ The issue presented by Architects' appeal is whether the damages sought on its quantum meruit theory were "certain, or capable of being made certain by calculation." 23 O.S.1991 § 6.[2] The quoted language has been construed to require the damages to be either liquidated or capable of ascertainment before judgment by calculation or resort to well-established market values. *Withrow v. Red Eagle Oil Co.*, 755 P.2d 622, 625 (Okla.

1988); *see R.J.B. Gas Pipeline Co. v. Colorado Interstate Gas Co.*, 813 P.2d 14, 24 (Okla. Ct.App.1990), *cert. dismissed* [claim is unliquidated when trial is necessary to determine the amount due].

■ Architects argue their quantum meruit recovery meets this test because they had originally signed a standard form architectural services contract with School District,[3] even though the trial court dismissed Architects' breach of contract claim because the contract was void under Okla.Const., Art. X, § 26. Architects cite *Cook v. Oklahoma Board of Public Affairs*, 736 P.2d 140 (Okla. 1987), as authority for an award of prejudgment interest in this case. In *Cook*, a contractor sued for compensation of additional work required on a state project. Although much of the contractor's trial court judgment was reversed on appeal, the Supreme Court left intact awards for certain extra work and materials. The court held prejudgment interest recoverable under 23 O.S.1991 § 6 on those awards, stating:

> Cook was required to do extra work on the fish hatchery because of miscalculations in the plans and specifications. He had to lay pipe at a greater depth than called for by the plans and he had to do corrective work on concrete manholes. *These items have a value in the marketplace which can be arrived at in advance of performance by computation of the costs of material, labor and other well-known elements of cost.* We hold that Cook was entitled to prejudgment interest on these elements of recovery.

*Cook*, 736 P.2d at 153 [emphasis added]. We interpret the italicized language as meaning that, because Cook could readily determine *before performance* how much deeper the water lines would have to be buried, and how much the manholes would have to be lowered

---

1. Architects' petition in error also alleged error by the trial court in reduction of their attorney fee request. However, Architects failed to brief that point of error, and it is therefore deemed abandoned. *Hadnot v. Shaw*, 826 P.2d 978, 981 (Okla.1992).

2. "Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is

vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor[,] from paying the debt."

3. The contract set Architects' basic compensation at 6% of construction cost, and defined various categories of additional compensation.

[see Note 4], the amount of additional work and material which would be required to perform those tasks was "capable of being made certain by calculation" within the meaning of 23 O.S.1991 § 6.

We find this requisite certitude absent in the present case, in which Architects seek recovery for a wide variety of services rendered following completion of the first phase of the project (for which Architects admit they were paid). We therefore affirm the trial court's denial of prejudgment interest.

■ Before addressing School District's arguments in its counter-appeal, we pause to note that Architects failed to file a reply brief (which in this case would have included their "answer brief" on the counter-appeal). Generally, when no answer brief is filed, and the omission is not excused, we are under no obligation to search the record for some theory to sustain the trial court's judgment; so long as the brief in chief (in these consolidated appeals, School District's answer brief—see Rule 1.28(a), Rules of Appellate Procedure, 12 O.S.1991, Ch. 15, App. 2) is reasonably supportive of the allegations of error, we will reverse and, if necessary, remand for further proceedings. *Sneed v. Sneed,* 585 P.2d 1363, 1366 (Okla.1978). However, reversal is never automatic. *Hamid v. Sew Original,* 645 P.2d 496, 497 (Okla.1982); *see Hatcher v. Sumpter,* 825 P.2d 638, 639 n. 2 (Okla.Ct.App.1992).

■ School District first contends the trial court should not have entertained a request for costs or attorney fees by Architects, because each was included in the confessed judgment. We disagree. Costs—including, as here, attorney fees taxed as costs under 12 O.S.1991 § 936 in a civil action "for labor or services"—are not part of the judgment, but are merely ancillary to it. *Fleet v. Sanguine, Ltd.,* 854 P.2d 892, 899 n. 37 (Okla. 1993); *Walker v. St. Louis—San Francisco Railway Co.,* 671 P.2d 672, 674 (Okla.1983).

■ An award of attorney fees is particularly within the sound discretion of the trial court; the court's decision will not be disturbed absent an abuse of such discretion. *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,* 737 P.2d 1186, 1189 (Okla. 1987); *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659, 663 (Okla.1979).

■ The record here shows that Architects' attorneys submitted a fee request detailing 377 hours of work by six attorneys between late 1987 [4] and the date the offer to confess was communicated to Architects. Of that, 319.75 hours were performed by the senior attorney at a rate of $100 per hour, thus comprising the bulk of the fee request. Architects sought approximately $164,000 on the quantum meruit claim.

School District seeks to invalidate significant portions of Architects' attorney fee request on the basis of what it perceives to be double billing, excessive client conferences, unproductive work, and other instances of excessive and/or inappropriate attorney fees. Yet, the record reveals the trial court reduced the fee request by about one-third— over $12,000 on a total request of slightly more than $37,000. Contrary to School District's assertion, this substantial reduction indicates an exercise of the very "billing judgment" [5] by the trial court which School District complains was absent from the proceedings below.

■ School District also contends the fee award, even after such reduction, lacks a rational relationship to the amount in controversy and the amount of recovery. The amount involved and results obtained is one of the guidelines to be considered by the trial court in determining the amount which should be added to the attorney(s)'s basic hourly compensation. *Burk,* 598 P.2d at 661; *see Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,* 737 P.2d 1186, 1188–89 (Okla.1987). The Supreme Court in *Southwestern Bell* reduced a $5,000 fee award to $3,000 for a suit in which the phone company sought $3,867 for unpaid yellow pages advertising and the defendant confessed judgment for $1,500. In *Arkoma Gas Co. v. Otis Engi-*

---

4. Architects initially were represented by different counsel. None of the original attorney's time was set forth in the fee request.

5. *See Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983).

*neering Corp.,* 849 P.2d 392 (Okla.1993), the court affirmed a fee award of $5,500 in a breach of warranty case in which the plaintiff sued for $70,000 but ultimately recovered only $100; and in *Catlin Aviation Co. v. Equilease Corp.,* 626 P.2d 857 (Okla.1981), the court approved a fee of only $600 on a recovery of $1,167 where the plaintiff had sued for $18,000.

After review of the record, and acknowledging the trial court's substantial reduction from the basic hourly compensation claimed by Architects, we cannot say the trial court abused its discretion in awarding a fee of $25,000 to Architects as prevailing parties on the quantum meruit claim.

■ Finally, School District challenges the award of costs, asserting that Architects should only be entitled to recover the portion of deposition costs which related (in the opinion of their witness) to the quantum meruit claim. We find this argument somewhat disingenuous. The trial court awarded costs as authorized by 12 O.S.1991 § 942(6) for "taking and transcribing deposition testimony." Only three depositions were conducted after the trial court granted summary judgment against Architects on the breach of contract and lost profits claims in August, 1992. School District concedes in its brief that the post-summary judgment depositions were limited to the quantum meruit theory. In essence, School District invites us to penalize Architects for conducting discovery on the other theories of their case, at a time when those theories remained viable, merely because Architects failed to prevail on those theories. We decline School District's invitation.

The trial court's order granting attorney fees and costs, and denying prejudgment interest, is AFFIRMED.

HANSEN, P.J., and BAILEY, J., concur.