2004 OK 72

**Roy BERG, Petitioner,**

v.

**PARKER DRILLING COMPANY, Insurance Company of the State of Pennsylvania, and the Workers' Compensation Court, Respondents.**

No. 99,870.

Supreme Court of Oklahoma.

Sept. 21, 2004.

As Corrected Sept. 23, 2004.

Jack G. Zurawik, Pamela K. Morgan, Zurawik Law Firm, Tulsa, OK, for Petitioner.

David P. Reid, Perrine, McGivern, Redemann, Reid, Berry & Taylor, P.L.L.C., Tulsa, OK, for Respondents.

EDMONDSON, J.

¶ 1 We previously granted certiorari in this review proceeding from an order of the Worker's Compensation Court to address employer's assertions that the Court of Appeals went beyond the statutory standard of review when it vacated the panel's order denying additional medical treatment and temporary total disability to claimant, Roy Berg. The principal question before us is whether the order of the Worker's Compensation Court is supported by any competent evidence. We find that it is and we vacate the decision of the Court of Appeals and sustain the order of the three-judge panel.

¶ 2 It is undisputed that Mr. Berg suffered an on-the-job accidental personal injury on November 25, 1998, when he slipped and fell on the offshore drilling rig in the South China Sea where he was working for Parker Drilling Company as a maintenance man. He was immediately hospitalized in Hong Kong and received medical care and treatment there for several days.

¶ 3 On November 14, 2000, Mr. Berg filed a Form 3 with the Oklahoma Workers' Compensation Court alleging that in the 1998 accident he had injured his left hip, both feet, groin, and back. On December 10, 2001, Mr. Berg sought worker's compensation benefits when he filed a Form 9 seeking temporary total disability benefits from November 26, 2001, the appointment of an independent medical examiner and authorization for medications, physical therapy and injections to both hips. The written medical report of claimant's physician, Dr. Trinidad, concerning his examination of Mr. Berg on November 21, 2001, was attached. In its response, Parker Drilling Company admitted claimant sustained a covered accidental injury to the groin but disputed the remainder of the claim.

¶ 4 Pursuant to claimant's motion, the trial court issued an order appointing an Independent Medical Examiner, Dr. Terrell Simmons, an orthopedic specialist, to examine claimant and give his opinion regarding the causation of claimant's problems with his back and hips, the recommended treatment and the issue of temporary total disability. On June 14, 2002, Mr. Berg sought authorization for bilateral total hip replacements and temporary total disability from the date of the surgery if no light duty was available. Dr. Simmons' written report of his examination of Mr. Berg on April 24, 2002, was attached.

¶ 5 The matter came on for trial September 24, 2002. Mr. Berg testified that prior to the 1998 accident, he had experienced no problems with his back, groin or hips, but after the accident, when he returned for two 28–day hitches, he had pain in his hips which interfered with ability to do his job on the drilling platform and the pain continued to get worse. Mr. Berg stated that in March of 1999, after his second 28–day hitch, he was terminated by Parker Drilling for reasons unrelated to the injury.

¶ 6 Mr. Berg testified that in November of 1999 he went to work for Pride International Company as an oil rig mechanic, working full-time with no work restrictions, and that he held that job for two years and ceased working for them only because the rig shut down. He stated that if the rig were still operating, he would still be working for them as an oil rig mechanic. He stated he had not felt able to work since that job ended in 2001 because he did not think he could pass a medical examination if one were required for the job, and he complained that he now has constant pain in both hips and walks with a limp. On cross-examination, Mr. Berg agreed that in a deposition taken in December of 2000, he had testified that the parts of his body which were injured in the accident were "mainly the left leg, groin area" and that the shin of his right leg had been scraped.

¶ 7 There was competent medical opinion evidence introduced which was conflicting on the issues. The report of Mr. Berg's medical witness, Dr. Trinidad, concluded that claimant suffered sprains to his left thigh, groin and both hips in the 1998 accident, that he had not achieved maximum recovery and that he needed further evaluation for which he

should be referred to an orthopedist for diagnostic and therapeutic purposes.

¶ 8 The medical report of employer's medical witness, Dr. Mitchell, given from his examination of claimant on January 17, 2002, found claimant's injuries were limited to a strain of his left groin. Dr. Mitchell concluded that claimant's injury was fully resolved. He believed Mr. Berg had achieved maximum medical recovery from the accident, that he had sustained 0% permanent partial impairment and could be employed without restrictions.

¶ 9 Dr. Simmons, the independent medical examiner, testified by deposition and portions of his testimony and his written report supported claimant's position, while other portions supported employer's position. He stated claimant had significant arthritis in both hips which called for bilateral total hip replacements. Because these degenerative changes were seen on x-rays taken at the time of the accident, Dr. Simmons believed the arthritic condition was pre-existing and he also believed that claimant's arthritic changes would have continued to progress regardless of the accident. Dr. Simmons thought the soft tissue injury Mr. Berg suffered in the accident aggravated the pre-existing condition and may have made the arthritis more symptomatic, but he did not think the accident was related to claimant's need for surgery to his right hip. Additionally, Dr. Simmons believed claimant's left hip would have been in need of replacement at this time, with or without the accident.

¶ 10 The trial court found against claimant on the issue of causation. The court's order found claimant had sustained a work-related injury to the groin, left hip, right hip and lower back, but denied temporary total benefits and the requested surgery because Mr. Berg's current condition was not caused by the 1998 injury. The trial court specifically found:

> [C]laimant's current condition is related to his severe arthritic degenerative condition and not to the injury herein. [And that claimant] failed to establish and persuade this Court that the medical treatment requested (total hip replacement) to both hips is causally connected, directly or indirectly by aggravation, to the [November 25, 1998] injury.

¶ 11 The three-judge panel affirmed and claimant appealed, contending the Worker's Compensation Court erred in denying his claim for benefits and his request for authorization for surgery because the pre-existing arthritic condition was aggravated by the covered injury. In its opinion vacating the order of the Worker's Compensation Court, the Court of Civil Appeals characterized the issue presented as being "whether, as a matter of law, the hip replacement surgeries were not compensable because of Claimant's pre-existing condition." In reaching its decision the court substituted its own fact findings for those of the trial tribunal. Disregarding all conflicting evidence, it looked solely at portions of Dr. Simmon's testimony favorable to claimant's position and concluded the three-judge panel "erred as a matter of law" in its determination that the hip replacement surgeries were not necessary medical treatment for his injury.

¶ 12 Seeking certiorari, employer argues that the issues of causation and need for treatment are questions of fact which must be reviewed by the "any competent evidence" standard of review rule of *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, 552, and that the Court of Civil Appeals invaded the fact-finding province of the trial court when it re-weighed the evidence to determine where it believed the preponderance to lie.

¶ 13 Employer is correct. The issue of whether disability results from an accidental injury, or from a pre-existing disease or prior injury is a fact question for determination by the Workers' Compensation Court.

¶ 14 In *Refrigerated Transport, Inc., v. Creek,* 1979 OK 11, 590 P.2d 197, the Court stated:

> Whether disability results from accidental injury, or prior injury or disease, is a fact question exclusively for determination by the State Industrial Court, whose findings on review by this Court will not be disturbed if based upon any competent evidence. Conflicting evidence relating to the issue is never weighed to determine weight and credibility. [Citation omitted.]. Probative value of medical evidence to show disability resulted from accidental in-

jury is determined by State Industrial Court, which may accept all or part of the evidence, or reject evidence entirely. *Id.* at 200.

¶ 15 Reaffirming this holding in *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, we found the traditional "any competent evidence" standard for appellate review, which existed prior to the 1977 revision of workers' compensation laws, continued by force of 85 O.S.1981 § 26 to limit appellate review questions of law. Findings of fact made by the trial court are conclusive and binding unless they are ascertained to lack support in competent evidence. Under this standard, our responsibility is simply to canvass the facts, not with the object of weighing conflicting evidence to determine where the preponderance lies, but only to ascertain whether the decision is supported by any competent evidence. It is only in the absence of supporting evidence that the trial court's decision may be determined erroneous as a matter of law and therefore subject to vacation.

¶ 16 We find here competent evidence from which the trial court could infer that there was not a causal nexus between claimant's injury and the disability for which he sought compensation benefits and medical treatment.

¶ 17 The opinion of the Court of Civil appeals is vacated and the order of the Workers's Compensation Court is sustained.

¶ 18 WATT, C.J., OPALA, V.C.J., LAVENDER, HARGRAVE, KAUGER, WINCHESTER, EDMONDSON, JJ., concur.