OSCN Found Document:STATE v. SHADE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. SHADE
2017 OK CIV APP 68
Case Number: 115523
Decided: 11/16/2017
Mandate Issued: 12/12/2017
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2017 OK CIV APP 68, __ P.3d __

 

STATE OF OKLAHOMA, Plaintiff/Appellant,
v.
DANIEL LEE SHADE, JR., Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE TRACY SCHUMACHER, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

John Justin Wolf, ASSISTANT GENERAL COUNSEL, OKLAHOMA STATE BUREAU OF INVESTIGATION, Oklahoma City, Oklahoma, for Plaintiff/Appellant

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 The Oklahoma State Bureau of Investigation (OSBI) seeks review of the trial court's order granting the motion to expunge certain criminal records of Daniel Lee Shade, Jr. Based on our review, we reverse and remand for further proceedings.

BACKGROUND

¶2 Shade was charged with the offenses of "Embezzlement by Employee" (Count I) and "Second Degree Burglary" (Count II) in Cleveland County, Case No. CRF-998-47, and "Larceny of Motor Vehicle" in Logan County, Case No. CRF-1997-10. In 2012, Shade received a full pardon for these offenses.

¶3 In June 2016, Shade filed a petition seeking to expunge all records pertaining to Case No. CRF-998-47. Shade pointed out that he had received a full pardon and also asserted "it has been more than ten (10) years since the completion of [my] sentence." Shade made no mention of the conviction for larceny of a motor vehicle in his petition.

¶4 A hearing was held in August 2016 at which counsel for OSBI appeared and objected to Shade's expungement request. The applicable statute in effect at the time of the hearing provided that, in order for one to be "authorized to file a motion for expungement," he/she "must be within" the following "categor[y]":

The person was convicted of a nonviolent felony offense, not listed in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other felony, the person has not been convicted of a separate misdemeanor in the last fifteen (15) years, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the felony conviction[.]

22 O.S. Supp. 2015 § 18(A)(11).[1] In its order filed in October 2016, the trial court acknowledged the existence of the conviction in Logan County, but stated that, "given the circumstances, [Shade's] youth at the time of conviction, the fact that the Cleveland County case and the Logan County case were revoked at the same time, the sentences were run concurrently and [Shade] has received a pardon on all cases and all charges," Shade is "in the position envisioned by statute -- to be able to work hard and wipe the slate clean."

¶5 From the trial court's order, OSBI seeks review.[2]

STANDARD OF REVIEW

¶6 The question presented on appeal is one of law, which we therefore review de novo. Holder v. State, 2009 OK CIV APP 1, ¶ 4, 219 P.3d 562.

ANALYSIS

¶7 OSBI points out that § 18(A)(11) requires, as quoted above, that "the person has not been convicted of any other felony" in order to be authorized to seek expungement. OSBI asserts that because Shade was convicted of at least two felonies, he is prevented by the plain language of the statute from qualifying for expungement. OSBI also acknowledges that the statute was subsequently amended in November 2016, and that the current version provides as follows:

The person was convicted of not more than two nonviolent felony offenses, not listed in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for both of the nonviolent felony offenses, no felony or misdemeanor charges are pending against the person, and at least twenty (20) years have passed since the last misdemeanor or felony conviction[.]

22 O.S. Supp. 2016 § 18(A)(13). OSBI asserts that even if this amended language applies to this case, "[Shade] still failed to meet his burden of proof to show that he qualified to file his petition for expungement because [Shade] failed to show that twenty years ha[ve] passed since his last misdemeanor or felony conviction."

I. The amended version of the statute applies to this case.

¶8 Generally, "a statute or its amendments will have only prospective effect unless [the statute] clearly provides otherwise." Hammons v. Muskogee Med. Ctr. Auth., 1985 OK 22, ¶ 6, 697 P.2d 539 (footnote omitted). "However, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights may operate retrospectively, and apply to pending actions or proceedings." Forest Oil Corp. v. Corp. Comm'n of Okla., 1990 OK 58, ¶ 11, 807 P.2d 774 (footnotes omitted). "A purely procedural change is one that affects the remedy only, and not the right." Id. (footnote omitted).

¶9 Both versions of the statute in question state that a person must "be within one" of the listed "categories" to be "authorized to file a motion for expungement[.]" Hence, § 18 merely sets forth who qualifies to file a motion for expungement. See Holder, 2009 OK CIV APP 1, ¶ 5 ("When an individual establishes that one of the § 18 circumstances is shown to exist, a prima facie showing of harm is made," and "[w]ith this showing, the burden shifts to the opposing party . . . to prove the public interest in keeping the records does not harm privacy interests and serves the ends of justice.") (internal quotation marks omitted) (citations omitted).[3]

¶10 Regardless, the 2016 amendment to what was previously § 18(A)(11) does not constitute a substantive change that alters any vested right, punishment, or obligation of Shade; rather, § 18 simply sets forth who qualifies to petition for the remedy, or privilege, of expungement. Forest Oil, 1990 OK 58, ¶ 11. See State v. Heaton, 669 N.E.2d 885, 887 (Ohio Ct. App. 1995) ("Expungement is a matter of privilege, never of right.") (citation omitted). See also In re Dyer, 163 S.W.3d 915, 919 (Mo. 2005) (en banc) ("[The petitioner] has never had a substantive or vested right in expungement of his arrest record[.]"); People v. Link, 570 N.W.2d 297, 299 (Mich. Ct. App. 1997) ("[W]e conclude that the expungement statute is remedial and that it does not create new or destroy existing rights."); State v. T.P.M., 460 A.2d 167, 171-72 (N.J. Super. Ct. App. Div. 1983) ("[T]he expungement statute is a remedial, not a punitive statute," and "the possible availability of an expungement . . . relates to neither the form of sentence nor the extent of punishment"; rather, an "interest in expungement" is "only in obtaining a potential remedy, not retaining something which has already inured to [one's] benefit.").

¶11 The ability (or inability) of Shade to qualify under § 18 to petition to expunge certain of his criminal records (and thereby make a prima facie showing, as set forth above) was never a vested right. The 2016 statutory amendment does not create, enlarge, diminish, or destroy any vested rights of Shade, and it does not enlarge or decrease his punishment; rather, it is remedial or procedural. Therefore, it "may operate retrospectively, and apply to pending actions or proceedings," Forest Oil, 1990 OK 58, ¶ 11 (footnotes omitted), and we conclude it so operates and applies in this proceeding.[4] Relatedly, there is no potential ex post facto violation in this case because the 2016 amendment to what was previously § 18(A)(11) does not inflict a greater punishment on the accused.[5] For these reasons, we conclude the current version of § 18 -- i.e., 22 O.S. Supp. 2016 § 18(A)(13) -- applies to this case.

II. No first-instance determinations have been made, and it is unclear from the
record, whether Shade was convicted of not more than two nonviolent felony
offenses and whether twenty years have passed since the last misdemeanor or
felony conviction.

¶12 In the current version of the statute, the Legislature changed the requirement that "[t]he person was convicted of a nonviolent felony offense" and "has not been convicted of any other felony," to the following: "The person was convicted of not more than two nonviolent felony offenses[.]" The Legislature also changed the requirement that "at least ten (10) years have passed since the felony conviction" -- the current version now requires that "at least twenty (20) years have passed since the last misdemeanor or felony conviction[.]" Because no first-instance determinations have been made regarding these amended requirements, we remand this case to the trial court for further proceedings.[6]

CONCLUSION

¶13 We reverse the order granting Shade's petition to expunge, and we remand this case to the trial court for further proceedings to be held in a manner consistent with this Opinion.

¶14 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

THORNBRUGH, V.C.J., and WISEMAN, J., concur.

FOOTNOTES

[1] OSBI asserts that "[Shade] met none of the statutorily proscribed requirements," but asserts that "[a]t the time of the hearing the subsection which most closely matched [Shade's] circumstances was [§] 18(A)(11)." Indeed, § 18(A)(11) is the basis of Shade's expungement request in his petition and is the only subsection cited therein.

[2] Shade did not file an Answer Brief on appeal. Where a party fails to file an answer brief, and the failure to file such brief is not excused, then "we are under no obligation to search the record for some theory to sustain the trial court's judgment[.]" William & Kelley Architects v. Independent Sch. Dist. No. 1, Okmulgee Cnty., 1994 OK CIV APP 113, ¶ 8, 885 P.2d 691. However, reversal is never automatic for failure to file an answer brief. Hamid v. Sew Original, 1982 OK 46, ¶ 7, 645 P.2d 496.

[3] That is, 22 O.S. Supp. 2016 § 19(A) provides that "[a]ny person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information." (Emphasis added.) Thus, qualifying under one of the categories listed in § 18 merely allows one to petition for expungement and, thereby, make a prima facie showing of harm. As set forth in § 19(B), the district court must then "set a date for a hearing" and provide notice of the hearing "to the prosecuting agency, the arresting agency, [OSBI], and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record." Moreover, only "[u]pon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records," "may" the district court "order such records, or any part thereof except basic identification information, to be sealed." § 19(C).

[4] The Oklahoma Supreme Court has repeatedly held over the years that "legislation which is general in its terms and affects only procedural matters is presumed to have been intended to be applicable to all actions, whether pending or not, absent any expressed intention to the contrary" and "unless such operation would affect substantive rights." Thomas v. Cumberland Operating Co., 1977 OK 164, ¶ 4, 569 P.2d 974 (footnotes omitted). See also Gray v. Gray, 1969 OK 125, ¶ 19, 459 P.2d 181 ("Statutes relating only to remedies or modes of procedure generally are held to . . . apply to pending actions or proceedings unless operation or application would adversely affect substantive rights."); Phillips v. H.A. Marr Grocery Co., 1956 OK 104, ¶ 0, 295 P.2d 765 (Syllabus by the Court) ("[R]emedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only to remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings, unless such operation or application would adversely affect substantive rights."). In more recent cases, the Supreme Court has similarly stated as follows:

Legislation that is general in its terms and impacts only matters of procedure is presumed to be applicable to all actions, even those that are pending. Statutes that relate solely to remedies and hence affect only modes of procedure -- i.e., enactments which do not create, enlarge, diminish, or destroy accrued or contractual rights -- are generally held to operate retroactively and apply to pending proceedings (unless their operation would affect substantive rights).

Cole v. Silverado Foods, Inc., 2003 OK 81, ¶ 8, 78 P.3d 542 (emphasis omitted) (footnotes omitted). Hence, "amendments relating solely to remedies and affecting modes of procedure do operate retrospectively and apply to pending proceedings. This exception cannot be invoked, however, if the amendment represents more than a mere procedural reform and intrudes upon substantive rights." Am. Airlines Inc. v. Crabb, 2009 OK 68, ¶ 12, 221 P.3d 1289 (citations omitted). We interpret these statements to mean that, so long as the legislative amendment is procedural or remedial and does not create, enlarge, diminish, or destroy accrued or contractual rights, it applies even when the amendment occurs during the pendency of an appeal. The Supreme Court of Alabama has addressed this issue directly:

Remedial statutes are exemplified by those that impair no contract or vested right, . . . but preserve and enforce the right and heal defects in existing laws prescribing remedies. Such a statute may be applied on appeal, even if the effective date of that statute occurred while the appeal was pending, and even if the effective date of the statute was after the judgment in the trial court.

Ex parte Bonner, 676 So. 2d 925, 926-27 (Ala. 1995) (internal quotation marks omitted) (emphasis omitted) (citations omitted). See also City of Clovis v. Cnty. of Fresno, 166 Cal. Rptr. 3d 763, 775 (Cal. Ct. App. 2014) ("[W]hen statutes are remedial or procedural, courts consistently apply them in cases pending, including cases pending on appeal, when the statutes become effective, even though the underlying facts predate their effective dates. Courts apply new laws in that situation unless there is evidence of a legislative intent not to do so."). At least two jurisdictions have adopted a somewhat more restricted version of this rule. See City Council of Waltham v. Vinciullo, 307 N.E.2d 316, 319 (Mass. 1974) ("[S]tatutes which are remedial or procedural should be deemed to apply retroactively to those pending cases which, on the effective date of the statute, have not yet gone beyond the procedural stage to which the statute pertains.") (emphasis added); Workplace Sys., Inc. v. CIGNA Prop. & Cas. Ins. Co., 723 A.2d 583, 584 (N.H. 1999). Although the more restricted rule does not appear to be unreasonable, it appears to be inconsistent with case law in Oklahoma, as demonstrated above, which prevents retroactive application of procedural or remedial legislation only where the Legislature has "expressed intention to the contrary" or where "such operation would affect substantive rights." Thomas, 1977 OK 164, ¶ 4. Because no contrary intention is expressed in the legislation at issue, and because operation of the 2016 amendment does not affect substantive rights, we conclude it applies to the present case.

[5] Ex post facto laws or amendments are those that operate or are imposed "to the disadvantage of the accused." Starkey v. Okla. Dep't of Corr., 2013 OK 43, ¶ 37, 305 P.3d 1004 (citation omitted). "It has been the rule in Oklahoma that a law is within the protection of the provision when it inflicts a greater punishment than the law annexed to the crime at [the] time it was committed or alters [the] situation of accused to his disadvantage." Id. (internal quotation marks omitted) (citation omitted).

[6] OSBI states that Shade "failed to meet his burden of proof" with regard to these requirements. The statute, however, was amended only after the filing of the trial court's order.

We note that OSBI does not appear to dispute the fact that Shade has not been convicted of more than two nonviolent felony offenses. OSBI asserts, for example, that "[Shade] was convicted of two separate felony offenses." Nevertheless, a petitioner must establish that "one of the § 18 circumstances is shown to exist," and only then is "a prima facie showing of harm . . . made." Holder, ¶ 5. The amended subsection, and especially the two amended requirements in that subsection, discussed above, have not yet been applied by the trial court to this case.

We note, finally, that "where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning." Id. ¶ 4 (citation omitted).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1994 OK CIV APP 113, 885 P.2d 691, 65 OBJ 3865, Williams & Kelley Architects v. Independent School Dist. No. 1, Okmulgee County
Discussed
 2009 OK CIV APP 1, 219 P.3d 562, HOLDER v. STATE
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 58, 807 P.2d 774, 61 OBJ 1765, Forest Oil Corp. v. Corporation Com'n of Oklahoma
Discussed at Length
 1956 OK 104, 295 P.2d 765, PHILLIPS v. H.A. MARR GROCERY COMPANY
Discussed
 1969 OK 125, 459 P.2d 181, GRAY v. GRAY
Discussed
 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed
 2009 OK 68, 221 P.3d 1289, AMERICAN AIRLINES INC. v. CRABB
Discussed
 2013 OK 43, 305 P.3d 1004, STARKEY v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed
 1977 OK 164, 569 P.2d 974, THOMAS v. CUMBERLAND OPERATING CO.
Discussed at Length
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1985 OK 22, 697 P.2d 539, Hammons v. Muskogee Medical Center Authority
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 18, Expungement of Criminal Records
Discussed at Length
 22 O.S. 19, Procedure for Sealing Records - Reimbursement of Fees
Cited